(105 So. 440)

No. 27315.

STATE v. HILL.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law 645—District attorney's waiver of opening argument held to preclude defense from answering his argument if latter merely answered arguments of defense.**

Where district attorney waived right of opening argument, defense was precluded from answering district' attorney's argument if he merely answered arguments of defense.

2. **Criminal law 645—District attorney's waiver of opening argument precluded defense from answering his argument, in absence of showing waiver prejudiced defense.**

District attorney's waiver of opening argument precluded defense from answering his argument, in absence of showing waiver operated to disadvantage to counsel for defense.

3. **Criminal law 814(3)—Error could not be predicated on refusal to give charge involving issue not raised by evidence.**

Error could not be predicated on refusal to give charge involving issue not raised by evidence.

4. **Homicide 9—Person deliberately and maliciously shooting at another in a way apt to kill is guilty of murder if he kills either person shot at or another person.**

Person deliberately and maliciously shooting at another in a way apt to kill is guilty of murder if he kills either person shot at or another person, in such case an actual intention to kill not being essential element of the crime.

Appeal from Seventh Judicial District Court, Parish of Concordia; R. M. Taliaferro, Judge.

Louis Hill was convicted of murder, and he appeals from the conviction and sentence of life imprisonment. Verdict and sentence affirmed.

Philip Hough and Dale, Young & Dale, all of Vidalia, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., Jos. M. Reeves, Dist. Atty., of Vidalia (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

O'NIELL, C. J. This is an appeal from a conviction for murder and a sentence of life imprisonment. The record contains three bills of exception.

[1, 2] When the hearing of evidence was concluded and the time came for argument, the district attorney announced that he waived the right to make the opening argument. The attorneys for the defendant ob-

jected, averring that it would be unfair to deprive them of the right to reply to the argument of the district attorney. They requested the court to allow them to answer the district attorney's argument if he should be allowed to waive the opening argument. The court allowed the district attorney to waive the opening argument, and ruled that the attorneys for the defense had no right to reply to the district attorney's argument; to which ruling the defendant's attorneys took exception. It does not appear that the request of the attorneys for the defense to be allowed to answer the district attorney's argument was made or repeated after he had made his argument. On the contrary, it is said in the statement per curiam that no objection was made to any part of the district attorney's argument. If he merely answered the arguments of the attorneys for the defense, without presenting any new line of argument, they had no right to answer his argument. It is also said in the bill of exception that each of the three attorneys for the defense argued the case, and that no time limit was put upon their arguments. Without a showing that the district attorney's waiving the opening argument was a disadvantage to the attorneys for the defense, they had no right to answer the district attorney's argument. The judge's ruling in that respect was correct.

[3, 4] The two other bills of exception refer to the refusal of the judge to give the jury two special charges submitted by the attorneys for the defense. One of the requested charges was that, if the jury should find from the evidence that the defendant did not intend to shoot any one, but was shooting merely to frighten his wife, and accidentally killed another woman, he was not guilty of murder. The other charge requested was that, if the jury should find that the defendant did shoot at his wife, they could not convict him of murder unless they were convinced that he intended to murder her. There is nothing in the record to show that the defense was that the defendant did not shoot at any one, and that the killing was done accidentally. There is, therefore, no showing that the first of the requested charges was appropriate to an issue before the jury, without which, we cannot say that the judge erred in refusing to give the charge. The second charge requested was not an accurate statement of the law on the subject, because, if a person deliberately and maliciously shoots at another in a way that is apt to kill, he is guilty of murder if he does kill either the person shot at or another person. In such case, an actual intention to kill is not an essential element of the crime of murder.

The reasons given by the judge for refusing to give either of the requested charges were, first, that the charges were incorrect statements of the law and were apt to mislead the jury; and, second, that the subject was thoroughly explained in the general charge to the jury. The charge was written and is in the record. We do not find in it any statement with regard to the shooting and killing of a person accidentally and without shooting at any one. As we have said, there is nothing in the record to show that an instruction to the jury on that subject would have been appropriate. The charge on the subject of shooting at one person and killing another—which we assume was the appropriate subject of instruction—was very fair to the defendant, and was correct and complete.

The verdict and sentence are affirmed.